Good morning, your honors. Mario Capogrosso for myself and the matter of Capogrosso v. Gelbstein. This debacle was not created by me, was not. I did nothing wrong in this matter whatsoever. I did the right thing throughout. If you read my statement of facts in the reply brief, I indicated the facts that I saw down at the Brooklyn TV. I was there for 10 years, 10 years, 10 years. And I reported what I heard and what I saw. Now I have an attorney general's office who has decided when I wrote a letter of complaint to the attorney general's office in March 20th, 2015, seeking relief, and they decided to represent Defendant Gelbstein, who in my opinion is a lying lawyer, a corrupt judge, and a racist. Why is he a lying lawyer? I report the theft of Defendant Smart to Defendant Gelbstein. He conveniently forgets at his deposition that there was a theft. He entertains Jewish ticket brokers on a weekly basis, yet when I ask him who they are and what they do, he tells me they're friends of my wife. I don't know what they do for a living. When I complain about the theft of $80 by Defendant Smart, when I come back from, when I come back, he laughs and giggles at me and tells me a spade is a spade. This is the attorney general who decided to represent him as opposed to myself when I come to his office for relief. I've described to you my statement of facts and my reply brief, exactly what I saw and heard down there. There was a lady, Tanya Rabinowitz, who would come to the court on a daily basis, 30 to 40 tickets, representing herself as an attorney, going to the clerks of the court, 30, 40 tickets, money going back and forth between her and the clerks of the court. I reported to the district attorney's office. Next thing I know, this lady is no longer seen at the Brooklyn TV bid, no longer seen. Judge Gelbstein's only reply to me is, who are you, Don Quixote? His only reply is, excuse me, can I get my coffee? Another attorney, I'm going to say, you heard what this attorney said to me. Excuse myself, go F myself. Not once, but twice. I walk away. I have to take an anger management course. He gets rewarded, he gets protected, he stays. I come back, Smart steals the $80, I report it to Defendant Gelbstein, an investigation is made. Now, why is Smart a state actor? Because the investigation of this theft was done, was done by Defendant Gelbstein, who stole the $80. He allows him to remain. Why is he a corrupt judge? He allows a thief to remain and to harass. I have no reason to have a beef with a security guard, none whatsoever. If you read the complaints against me, my clients love me. There's not one grievance against my office, except one, and I'll go into it if I'm asked to. Not one against my office. The attorneys down there were doing a lot of unscrupulous things, giving the clerks money for Christmas, giving them parties, buying them lunches and breakfasts. I refuse to indulge. These clerks did not like me for that reason. Go through these complaints. See what I said and what I did. Now, this is a court in your backyard. I'm taking the bullet. I'm taking it. I reported what I said and what I did now. Is he a state actor? Yes. Like I said- Wait, wait. Why is Smart a state actor? Three reasons. Number one, he's intimately involved, intimately, he's putting up calendars, taking down clients to come in and out, mortars to come in and out, and directing those mortars. So in your view, is anybody who's a security guard in that building is a state actor? He was being, his movements were being regulated by defending Gelbstein, because the investigation of the $80 theft was by Gelbstein, was by Gelbstein. What steps did he take against you? Well, I'm sorry. What steps did he take against you? I thought that what he did was he reported, he made a report to the Who's Smart? Smart. Smart would, after I reported the theft of $80, he would routinely get in my face, three to four inches. What's the problem? F you, you're the problem. I reported to Gelbstein, I do the right thing. And Gelbstein's only response is a spade is a spade and he laughs and giggles. This Attorney General- Does that make him a state actor? What makes him a state actor, as I indicated, defending Gelbstein- No, I'm talking about Smart. What is it that makes Smart a state actor? His duties on a daily basis are regulated by the TVB. He puts up the, he puts up the calendars. He gets the calendars from the TVB. He lets in the motorists on a daily basis. He directs them to the court. And his actions with respect to the theft of the money that was investigation was made. So if he has authority over that investigation, then he has authority over Smart. Mr. Capagrasso, we'll hear from your adversary. Thank you, Your Honors, and may it please the court. Cleland Wilson for the State Defendants. The district court correctly granted summary judgment because the plaintiff's claims here are barred by principles of judicial immunity. First, the State Defendants are absolutely immune from the plaintiff's claims for money damages because judicial immunity provides a complete defense against damages claims that arise out of the exercise of the judicial function. A hallmark of that function is a decision in relation to a particular case. And that category naturally includes a decision to impose discipline on an attorney based on reports of misconduct. That's precisely what happened here. The ALJ and the other State Defendants determined to impose discipline on the plaintiff because they had received reports of repeated instances of violence, aggressive misconduct. That was the reason that they imposed the discipline. That decision is a case-specific judicial, excuse me, case-specific exercise of the judicial function for which they're entitled to absolute judicial immunity. For the same reasons, they're entitled to immunity from injunctive relief under Section 1983 which expressly provides that injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. Neither of those conditions is met here. There's no declaratory decree because the plaintiff did not ever seek one. And it was not unavailable. He could have pursued an Article 78 action or a similar source of declaratory relief, but he never did that either. Because he did not fulfill the requirements for obtaining injunctive relief, he cannot obtain any relief in this case and he should not, excuse me, the judgment of the district court should be affirmed. If there are no questions, I'll...  Good morning, and may it please the court. Andrei Gribakov-Jaffe for Applee David Smart. Today, I'd like to briefly cover state action. Mr. Smart was not a state actor. He was not delegated an exclusive public function by the state. His duties were limited. And he was not, for example, delegated with any state authority such as special patrolman or there's nothing in the record of any use of police powers. Similarly, there's no evidence of joint action. Appellant points to two events where Mr. Appellant was removed and permanently banned. Mr. Smart was not present when Appellant was removed from the TVB. As Judge Walker, as you know, he was at the police station making a report. Similarly, there's nothing in the record showing that the state involved Mr. Smart in any way with its final decision in banning Appellant from the TVBs. Do any of the cases that you cite concern private security guards that work in public facilities? Yes, Your Honor. So that would be Wade v. Biles. I think that's a Seventh Circuit case where it was a private security guard working in public housing. And in that instance, the court found he was a lobby security guard and he actually was able to carry a gun and shoot someone. And in that instance, the court, the Seventh Circuit found that he was still not a state actor because he was not performing an exclusive and traditional public function. And similarly, there's also the case, I believe it is, I apologize, Rabia v. Paragon Systems. What was that again? Rabia v. Paragon Systems. It's a Northern District of California case. It was cited by the district court. 316-F-SUP-3D-1103. And in that instance, it was security guards at a federal courthouse who tackled and detained someone. And they were found not to be performing an exclusive and public function. For these reasons, the district court correctly granted summary judgment by finding Mr. Smart was not a state actor. I welcome the court's questions, but otherwise, we're happy to rest on the briefs on the other issues. Thank you. Mr. Capogrosso, you did not reserve any rebuttal time? One minute. Thank you. It's not true. Not true. Defendant Smart was there the day of May 11th. He's the one who precipitated this whole event. I walk in May 11th. He's pacing behind me. He approaches me, unprovoked. Judge Gelbstein is not there. Conveniently not there. Five minutes later, I get a call from Defendant Trasher. You're no longer permitted in any TVB. No witnesses are identified. No security tapes were looked at. This is a judge who wanted me out, and on the Friday before that, he indicates to me, can't you go practice somewhere else? I saw what you wrote about me. I'm complicit, I'm incapable, and I'm incompetent, which he is, allowing the security guard to stay in the courthouse and do what he was doing. I've never seen this in any courthouse. Is there sufficient circumstantial evidence? Absolutely. And the cases are adamant on this. What involves retaliation, you don't need direct evidence. Circumstantial evidence is sufficient. Last one. Judge Bloom does not allow me to question witnesses. Go down to the Brooklyn TV and question witnesses. The DMV was not a party. I was not allowed. I'm not allowed to depose. Defendant Schroeder or Defendant Smart, how am I supposed to gather the records? Is there evidence? I yield. Thank you both, and thank you all. We'll take the matter under advisement. Thank you.